NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONG JIANG,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 17-70738<br><br>Agency No. A089-892-103<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2021[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and ZOUHARY,[***] District Judge.

Petitioner Yong Jiang timely seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") order

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

of removal. Petitioner, a citizen of China and convert to Christianity, claims religious persecution.

The BIA upheld the IJ's findings that Petitioner and his family members who testified were not credible, and that the medical records were unreliable. Reviewing the totality of the circumstances and not just a single factor, Alam v. Garland, No. 19-72744, 2021 WL 4075331, at *4–5 (9th Cir. Sept. 8, 2021) (en banc), we conclude that substantial evidence supports the adverse credibility determinations.

For example, Petitioner's sister testified that Petitioner and her mother learned within a month about her 2002 arrest for participating in Christian activities and that her mother was worried sick. But both Petitioner and his mother testified that they first learned about the arrest, if at all, many years later. Petitioner also testified inconsistently about whether his sister and brother-in-law told him about their conversation with his wife when they visited her in China. Additionally, Petitioner's many nonresponsive answers, delays in responding, and "jetting" back and forth of the eyes support the agency's finding that Petitioner was not credible.

The agency correctly determined that, without credible testimony, Petitioner failed to meet his burden of demonstrating eligibility for asylum and withholding.

**Petition DENIED.**